## Copeland *v.* Hurwitz, Appellant.

*Wills—Construction—Executors—Powers—Real Estate—C o n v e r-sion—Liens—General debts—Act of June 7, 1917, P. L. 447, Section 3.*

On the trial of a case stated to determine the marketability of title to land conveyed by an executrix the question was whether the executrix had authority to convey the land discharged of the debts of decedent.

A judgment of a lower court confirming the authority of the executrix to convey real estate, free of the encumbrance of a decedent's debts will be affirmed where such judgment was in accord with the decision of the Supreme Court in which the same will was construed and the identical question raised.

Davidson's Executrix *v.* Bright 260, Pa. 580, followed.

Argued March 7, 1928. Appeal No. 1, February T., 1928, by defendant from judgment of C. P., Lackawanna County, January T., 1927, No. 924, remitted to Superior Court by order of the Supreme Court, January 24, 1928, in the case of Wallace M. Copeland *v.* Aaron Hurwitz. Before HENDERSON, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Case stated to determine marketability of title to land. Before NEWCOMB, P. J.

The facts are stated in the opinion of the Superior Court.

The court entered judgment for plaintiff in the sum of six cents. Defendant appealed.

*Error assigned* was the judgment of the court.

*James K. Peck,* and with him *Ralph W. Rymer,* for appellant, cited: Tiffany Real Property, volume 1, section 118; Painter v. Painter, 220 Pa. 82; Cooper's Estate, 206 Pa. 628; Seeds v. Burke, 181 Pa. 281; Hannum v. Spear, 2 Dallas 291; Hupp v. Union Coal Company, 284 Pa. 529; Davidson v. Bright, 267 Pa. 580; Lloyd's Estate, 5 D. & C. Reports 719; Swift's Appeal, 87 Pa. 502.

*Herbert L. Taylor, Jr.,* and with him *Herbert L. Taylor* and *William R. Lewis,* for appellee, cited: McKean Justice Nokes v. Smith, 1 Yeates 238; Act of June 7th, 1917, P. L. 476; Hunts Appeal, 105 Pa. 128; Peterson's Appeal, 88 Pa. 389; Potts v. Brenneman, 182 Pa. 295.

OPINION BY HENDERSON, J., April 26, 1928:

This case is in the form of an amicable action on an agreed state of facts and involves the marketability of the title of the undivided one-half of a parcel of land located in the City of Scranton, Lackawanna County, Pennsylvania. The defendant contracted in writing to buy from the plaintiff the land referred to. The title of the latter was acquired by deed of Anna B. Davidson, executrix of the will of C. P. Davidson, dated December 12, 1925, and recorded in Lackawanna County. The question presented for consideration in the case stated is whether the said executrix had authority to convey the land discharged of the debts of the decedent. The latter left to survive him a widow and ten children. Conveyance by the executrix to the plaintiff was under the authority said to be granted in the will of the testator. The defendant refused to accept the conveyance tendered by the plaintiff on the ground that a large indebtedness existed against the estate, and that the executrix was without specific direction to sell land.

The same will was under consideration in a case arising out of a prior sale of a part of the decedent's land; Davidson's Executrix v. Bright, 267 Pa. 580. The opinion filed in that case contains an extended discussion of the power of an executor to convey free from the encumbrance of debts of a decedent and sustains the validity of the title granted by the executrix of C. P. Davidson's will. We regard it as a controlling authority in the case before us. The opinion of the court below was in accord with the decision referred to and the judgment appealed from is affirmed.